IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **SHAMECA S. ROBERTSON**, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>**ALLIED SOLUTIONS, LLC**<br><br>**Defendants.** | CASE NO.   1:15-cv-1364<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Now comes the plaintiff, Shameca S. Robertson ("Robertson") on behalf of herself and all other similarly situated individuals and for her Class Action Complaint alleges the following claims:

## NATURE OF THE ACTION

1. This class action seeks remedies under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") on behalf of consumers who were the subject of consumer reports procured by Defendant, Allied Solutions, LLC ("Allied") as a precondition of employment with Allied during the period prescribed by 15 U.S.C. § 1681p ("the Class Period") preceding the filing of the Complaint.

## PARTIES

2. Robertson is and has been a resident of Marion County, Indiana, and is a consumer as defined by 15 U.S.C. § 1681a.

3. Allied Solutions, LLC is an Indiana limited liability company headquartered in Carmel, Indiana.

4. Further, Allied is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in the Southern District of Indiana because Allied is subject to personal jurisdiction in this District, maintains a place of business in this District, and makes employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(c).

## ROBERTSON'S EMPLOYMENT EXPERIENCE

7. Robertson applied for a client support supervisor position with Allied and was subsequently offered employment on or about May 14, 2015.

8. Allied provided Robertson with an employment packet to complete and return prior to her June 1, 2015 start date.

9. Allied then engaged a consumer reporting agency to provide a consumer report, which included public record information purportedly regarding Robertson.

10. The information provided to Allied by the reporting agency included certain non-conviction information pertaining to Robertson.

11. Consumer reporting agencies traffic in the reputations of job applicants by purchasing public records data from various sources and compiling the information into a separate database used to generate consumer reports for a fee upon request.

12. Consumer reporting agencies often make this information available to employers *instantly* online, and rarely provide contemporaneous notice to job applicants that

adverse public record information has been shared with a prospective employer.

13. On or about May 28, 2015, an Allied human resource officer advised Robertson that her employment with Allied was terminated because of information contained in her "criminal background check" report.

14. At no time prior to withdrawing her employment opportunity, did Allied provide Robertson with a copy of her background report or a written summary of her rights under the FCRA.

15. Because Allied denied Robertson this information, she was unable to address the negative information contained in her consumer report before Allied took adverse action against her.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

16. Allied announces on its website that it has offices in 17 states and places employees in more than 30 states.

17. Upon information and belief, Allied has purchased consumer reports from consumer reporting agencies for the last five (5) years, which are used as a basis to take adverse action against job applicants.

18. Allied purchases these consumer reports after hiring applicants and determining that applicants are otherwise qualified for employment.

19. Uniformly, Allied does not provide pre-adverse action notice to job applicants, including a copy of the applicants' consumer report and a statement of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3) *before* making a decision regarding their employment.

20. Allied's violations of the FCRA have been willful, wanton and reckless in that Allied knew, or reasonably should have known, that it was failing to comply with the

requirements of the FCRA.

21. The specific requirements of 15 U.S.C. § 1681b(b)(3) have been the subject of numerous federal district court, circuit court and Supreme Court decisions. Moreover, these requirements have been the subject of numerous FTC staff opinions authored over the last 15 years.

22. More importantly, upon information and belief, Allied's obligations under the FCRA, including obligations under 15 U.S.C. § 1681b(b)(3) are made available by the consumer reporting agency it uses to procure consumer reports.

23. Moreover, Allied had actual knowledge that the FCRA required a reasonable time period for applicants to dispute or explain information contained in a consumer report before making a final hiring decision.

24. Regulatory guidance provided by the FTC has explained the FCRA's requirement that employers like Allied must wait a "reasonable time" after providing notice under 15 U.S.C. § 1681b(b)(3) to provide final adverse action notice to applicants.

25. Such FTC staff opinions originate in 1997 and were publically available to Allied.

26. Title 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorney fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

27. Pursuant to FED. R. CIV. P. 23, Robertson brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States who applied for employment with Allied during the Class Period and against whom Allied made an adverse hiring decision based in whole or in part on information contained in the consumer report without first providing the applicant with a copy of the report and a written

summary of rights under the FCRA.

28. Upon information and belief, the putative Class exceeds 1,000 members. Information concerning the exact size of the putative class is within the exclusive possession of Allied.

29. The Class members are so numerous that joinder of all members is impracticable.

30. Robertson's claims are typical of the claims of the other Class members as all Class members were similarly affected by Allied's unlawful conduct in violation of the FCRA.

31. Robertson will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex class-action litigation. Robertson is a member of the Class and does not have any interests antagonistic to or in conflict with the members of the Class. Further, Robertson's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

32. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

> a. Whether Allied provided a copy of the consumer report to the applicant or employee *before* making a decision to decline, delay, withdraw employment or discharge the applicant or employee based on the results thereof as required by 15 U.S.C. § 1681b(b)(3)(A)(i); and
>
> b. Whether Allied provided a written summary of the applicant or employee's rights under the FCRA *before* making a decision to decline, delay, withdraw employment or discharge the applicant or employee as required by 15 U.S.C § 1681b(b)(3)(A)(ii).

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

33. Further, the prosecution of several actions by individual members of the Class

would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

## COUNT ONE — CLASS CLAIM
## FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE

34. Robertson re-alleges and incorporates by reference all preceding allegations of law and fact.

35. Allied willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Robertson and the Class members before taking adverse action that was based in whole or in part on that report.

36. Allied willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Robertson and the Class members before taking adverse action that was based in whole or in part on a consumer report.

37. Robertson and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

38. Robertson and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

39. Further Robertson and the Class members seek attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** Robertson and the putative class respectfully pray for the following relief:

    A. An order certifying the proposed class herein pursuant to FED. R. CIV.

                P. 23 and appointing the undersigned counsel to represent same;

B.      The creation of a common fund available to provide notice of and remedy Allied's unlawful conduct;

C.      Statutory and punitive damages for all class claims; and

D.      Attorneys' fees, expenses and costs.

## JURY DEMAND

Plaintiff Shameca S. Robertson and the putative class demand a trial by a jury as to all issues presented herein.

Respectfully submitted,

/s/ Paul B. Poracky
KORANSKY, BOUWER & PORACKY, P.C.
Paul B. Poracky (#10899-45)
425 Joliet Street, Suite 425
Dyer, Indiana 46311
Telephone:   (219) 865-6700
Email:   PPoracky@KBLegal.net

O'TOOLE, McLAUGHLIN, DOOLEY & PECORA CO., LPA
Matthew A. Dooley   (OH 0081482)*
Anthony R. Pecora   (OH 0069660)*
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:   (440) 930-4001
Facsimile:   (440) 930-7208
Email:   apecora@omdplaw.com
           mdooley@omdplaw.com

*Counsel for Plaintiff and the Putative Class*
*\*Pro Hac Admission to be filed*

G:\28\28142-1\Complaint Robertson v Allied Solutions LLC (8 20 15).docx