# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **SHAMECA S. ROBERTSON, on behalf of herself and all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Cause No. 1:15-cv-1364-WTL-DML** |
| **ALLIED SOLUTIONS, LLC,** | ) ) ) | |
| **Defendant.** | ) | |

## ENTRY OF DISMISSAL

After the parties in this case moved for preliminary approval of a settlement class, the Court directed them to brief whether the Plaintiff had alleged the type of injury-in-fact necessary to establish that she has Article III standing. *See* Dkt. No. 47. The parties did so. *See* Dkt. Nos. 51 and 52. The Seventh Circuit subsequently decided *Groshek v. Great Lakes Higher Education Corp.*, 865 F.3d 884 (7th Cir. 2017), a case highly relevant to the issue of standing in this case. The Court then ordered the Plaintiff to show cause why this case should not be dismissed for lack of standing in light of the holding in *Groshek*. *See* Dkt. No. 55. The parties have filed responses to the order to show cause, which the Court has considered. *See* Dkt. Nos. 56 and 57. The Court, being duly advised, now finds that this case must be dismissed for lack of subject matter jurisdiction.

As the Court noted in its order to show cause, in *Groshek*, the plaintiff, like the Plaintiff in this case, alleged a violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*,

("FCRA"). Specifically, under the FCRA, a prospective employer may not obtain a consumer report for employment purposes unless

> (i) a clear and conspicuous disclosure has been made in writing to the job applicant at any time before the report is procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes (commonly known as the "stand-alone disclosure requirement"); and, (ii) the job applicant has authorized in writing the procurement of the report.

*Groshek*, 865 F.3d at 886 (quoting 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii)). The plaintiff in *Groshek* alleged that while the defendants had provided him with the disclosure, they had failed to do so in a stand-alone document as required by the statute. Similarly, the Plaintiff in this case alleges that the Defendant violated the FCRA in two ways. First, she alleges that the disclosure document she was provided ("the Document") failed to comply with 15 U.S.C. § 1681b(b)(2)(A) because it was not a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." Instead, the Document contained myriad other information and disclosures. Second, she alleges that the Defendant violated 15 U.S.C. § 1681b(b)(3)(A)(i), which provides, in relevant part, that

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

In determining that Groshek had failed to plead the type of concrete injury required to establish Article III standing to sue over the statutory violation, the Seventh Circuit acknowledged that while "'Congress is well positioned to identify intangible harms that will give rise to concrete injuries, which were previously inadequate in law,'" "'Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury.'" *Id.* at 887 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct.

1540, 1548 (2016), and *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir.

2016)).

> For instance, a plaintiff cannot satisfy the injury-in-fact element by alleging a "bare
> procedural violation" that is "divorced from any concrete harm." *Spokeo*, 136 S.
> Ct. at 1549. Instead, the plaintiff must show that the statutory violation presented
> an "appreciable risk of harm" to the underlying concrete interest that Congress
> sought to protect by enacting the statute. *Meyers*, 843 F.3d at 727; *see also Spokeo*,
> 136 S. Ct. at 1549-50.

*Id.* The court determined that the stand-alone disclosure provision in the FCRA "is clearly

designed to decrease the risk of a job applicant unknowingly providing consent to the

dissemination of his or her private information. Section 1681b(b)(2)(A)(ii), the authorization

requirement, further protects consumer privacy by providing the job applicant the ability to

prevent a prospective employer from procuring a consumer report, *i.e.*, by withholding consent."

*Id.* (citing S. Rep. No. 104-185 at 35 (1995)).  The court then held:

> Here, Groshek did not allege that Appellees failed to provide him with a disclosure
> that informed him that a consumer report may be obtained for employment
> purposes. His complaint contained no allegation that any of the additional
> information caused him to not understand the consent he was giving; no allegation
> that he would not have provided consent but for the extraneous information on the
> form; no allegation that additional information caused him to be confused; and, no
> allegation that he was unaware that a consumer report would be procured.  Instead,
> he simply alleged that Appellees' disclosure form contained extraneous
> information.   We conclude that Groshek has alleged a statutory violation
> completely removed from any concrete harm or appreciable risk of harm.

*Id.*

Similarly in this case, the Plaintiff alleges that the Defendant failed to comply with the

requirements of the FCRA, but like Groshek, the Plaintiff does not allege that the failure affected

her in any way.  She does not allege that she misunderstood or was misled in any way by the

Document.  She does not allege that but for the alleged deficiencies of the Document she would

not have authorized the Defendant to access her consumer report.  She does not allege that there

was any explanation or information she could have given the Defendant about the information in her consumer report that could have altered the Defendant's decision to revoke her employment offer. As in *Groshek*, the statutory violation at issue could have caused harm, and in Congress's estimation there was enough theoretical risk of harm to enact the statutory requirement to protect individuals from it, but here there is no allegation that there was any harm or appreciable risk of harm to the Plaintiff.

In her supplemental jurisdictional filings, the Plaintiff cites the Ninth Circuit's opinion in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), in support of her argument that she has Article III standing in this case. However, the Seventh Circuit found *Syed* to be inapposite in *Groshek*, noting that in *Syed*, "[t]he court, drawing all reasonable inferences in plaintiff's favor determined that the plaintiff was 'confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required by the statute,'" while Groshek "present[ed] no factual allegations plausibly suggesting that he was confused by the disclosure form or the form's inclusion of a liability release, or that he would not have signed it had the disclosure complied with 15 U.S.C. § 1681b(b)(2)(A)(i)." *Groshek*, 865 F.3d at 889 (quoting *Syed*, 853 F.3d at 499-500). The Plaintiff in this case also has made no such factual allegations.

The Plaintiff argues that her case is distinguishable from *Groshek* because her "additional claim under § 1681b(b)(3) is substantive in nature, and easily tied to a particularized and concrete injury – the loss of a job." Dkt. No. 56 at 2. However, while the Plaintiff did, in fact, lose her job, there is no allegation that her job loss was caused in any way by the FCRA violations she alleges. In other words, the facts as alleged by the Plaintiff demonstrate that she lost her job because of information contained in the report obtained by the Defendant, not

because that information may have been obtained and used in a way that violated the procedural requirements of the FCRA.  Thus, her case is readily distinguishable from the case she cites, *Tyus v. United States Postal Serv.*, 2017 WL 2656181 (E.D. Wis. June 20, 2017), in which the plaintiff alleged that the report considered by the defendant contained "multiple inaccuracies" and that had he been given time to "dispute and explain" the information in the report as required by the FCRA, his injury—the denial of a security clearance—would have been avoided.  The Plaintiff in this case makes no such allegation and points to no explanation she was prevented from giving because of the alleged FCRA violations.

For the reasons set forth above, the Court, after considering the Plaintiff's arguments, still believes that the holding of *Groshek* dictates a finding that the Plaintiff lacks Article III standing and therefore the Court lacks subject matter jurisdiction over this case.  Accordingly, the Plaintiff's Amended Complaint is **dismissed without prejudice**.

In her response to the Order to Show Cause, the Plaintiff argues that "the Court should order at most, that Robertson amend her pleading to allege facts sufficient to establish Article III jurisdiction under both *Spokeo* and *Groshek*."  The Plaintiff does not cite to any authority for the proposition that once a complaint is dismissed for lack of subject matter jurisdiction—as opposed to for failure to state a claim—it is appropriate to hold the case open for the filing of an amended complaint.  The Plaintiff also does not indicate what facts she would allege in an amended complaint that would give this Court jurisdiction over this case or explain why, if such facts exist, she did not include them in her response to the order to show cause.  *Cf. Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013) ("To determine whether jurisdiction exists, we look beyond the jurisdictional allegations of the complaint and consider any evidence submitted on the issue.") (citing *Alicea–Hernandez v. Catholic Bishop of Chi.,* 320 F.3d 698, 701 (7th Cir.

2003)).  Accordingly, the Court declines the Plaintiff's request for leave to file a second

amended complaint and will enter judgment dismissing this case without prejudice for lack of

subject matter jurisdiction.

SO ORDERED: 10/10/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification